```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA, and the          :
STATE OF NEW YORK, ex rel.                 :
MAGDY M. YOUSSEF,                          :
                                           :
                    Plaintiffs,            :
                                           :      MEMORANDUM AND ORDER
         -against-                         :      ADOPTING REPORT &
                                           :      RECOMMENDATION
TISHMAN CONSTRUCTION CORPORATION,          :      12-cv-03862 (DLI) (RER)
TURNER CONSTRUCTION COMPANY,               :
and THE TURNER CORPORATION,                :
                                           :
                    Defendants.            :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff-Relator Magdy M. Youssef ("Relator") initiated this action against defendants Tishman Construction Corporation ("Tishman"), Turner Construction Company, and The Turner Corporation (jointly, "Turner" and collectively with Tishman "Defendants"). Relator alleges claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729, and the New York False Claims Act ("NY FCA"), N.Y. State Fin. Law § 189. (*See generally* Second Amended Complaint ("SAC"), Dkt. Entry No. 49.)

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants moved to dismiss the Second Amended Complaint ("SAC") for failure to state a claim for relief and for failure to plead fraud with particularity under Rule 9(b). (*See* Defendants' Mems. in Supp. of Mots. to Dismiss, Dkt. Entry Nos. 42-43.) Relator opposed and requested that the Court take judicial notice of certain relevant facts. (*See* Pl.'s Resp. in Opp'n to Mot. to Dismiss ("Pl.'s Resp."), Dkt. Entry No. 47; Pl.'s Mem. in Supp. of Mot. for Judicial Notice ("Notice Mem."), Dkt. Entry No. 53.)

On June 16, 2016, this Court referred Defendants' motions to dismiss and Relator's request for judicial notice to the Hon. Ramon E. Reyes, Jr., U.S.M.J., for a Report and Recommendation ("R & R"). On February 2, 2017, Magistrate Judge Reyes issued a thorough and well reasoned R & R recommending that Defendants' motions to dismiss the SAC be granted, with prejudice, and denying Relator's request for judicial notice. (*See generally* R & R, Dkt. Entry No. 59.) In granting Defendants' motions, the magistrate judge found that Relator had failed to state a claim under both the FCA and the NY FCA because Relator had not pled fraud in accordance with Rule 9(b)'s heightened pleading standard, as it was not pled with "particularity." (R & R at 7-11.) The magistrate judge recommended dismissal of the SAC with prejudice because "Relator ha[d] amended his complaint numerous times and ha[d] been unable to cure its deficiencies." (R & R at 10.)

The magistrate judge denied Relator's request that the Court take judicial notice of both a 2010 "Excavation and Foundation" subcontractor contract between Yonkers Contracting Company, Inc. and the Port Authority and of a factual admission made by Tishman in a Deferred Prosecution Agreement ("DPA") it entered into in a federal criminal action. (R & R at 4-5.) The magistrate judge found it "was unnecessary for the Court to take judicial notice" of the subcontractor contract because it was "discussed and excerpted in the SAC" and "thereby already incorporated by reference," and the DPA was irrelevant to the allegations. (*Id.* at 4.)

On February 16, 2017, Relator timely filed objections to the R & R. (*See* Objs. to R & R ("Objs."), Dkt. Entry No. 60.) On March 8 and March 9, 2017, Defendants filed their oppositions to Relator's objections. (*See* Tishman's Opposition to Objections, Dkt. Entry No. 62; Turner's Opposition to Objections, Dkt. Entry No. 63.)

For the reasons set forth below, Plaintiff's objections are overruled and the R & R is adopted in its entirety.

## DISCUSSION[1]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (explaining that to allow "a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal") (internal citations and quotation marks omitted). A court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Relator challenges the magistrate judge's conclusion that Defendants' practice of billing the government for standby labor costs "is both reasonable and allocable" under the Federal Acquisition Regulations ("the FAR") and, therefore, the fraud claim is unsupported. (R & R at 6-7; Obj. 2-3.) Projects that receive federal funding from Executive Branch agencies must

---

[1] The Court assumes the parties' familiarity with the facts as outlined in the R & R. *See* R & R at 2-4.

comply with the FAR. *See* 48 C.F.R. § 31.000 *et seq.* The FAR applies to reimbursement contracts, such as the "Time and Material" and "Cost Reimbursement" contracts at issue in this case. *See* 48 C.F.R. §§ 16.301-1, 16.601. Under a reimbursement contract, a contractor may seek reimbursement for allowable costs that are both "reasonable" and "allocable." 48 C.F.R. §§ 16.201-2, 16.201-3, 16.201-4. Before the magistrate judge, Plaintiff argued that, "it was fraudulent for the Defendants" to obtain reimbursement "for the 'standby trade' costs that they included" in their contract payment requisitions. (R & R at 3.) As the magistrate judge explained, "standby trade" costs are "guaranteed hour provisions of the collective bargaining agreements . . . to which the Defendants are bound." (*Id.*) These guaranteed hour provisions, "require construction management companies to pay senior union workers additional wages for minimum labor hours during which the senior union workers services are readily available in case they are needed during ongoing construction projects." (*Id.*) The magistrate judge concluded that Defendants' practice of seeking reimbursement for standby trade costs was both "reasonable and allocable" under the FAR. (*Id.* at 6-7.) As such, Relator's claims were meritless.

Relator contends, for the first time in his objections to the R & R, that the magistrate judge failed to "address the core allegation that standby hour costs were secretly passed through to the government" because Defendants "were obligated to expressly identify those costs and obtain government consent to payment[.]" (Obj. at 2-3.) The Court will not consider Relator's assertion because it is not a proper objection. It is well established that "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Hill v. Miller*, 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (internal citation omitted); *Yao Wu v. BDK DSD*, 2015 WL 5664534, at *1

4

(E.D.N.Y. Sept. 22, 2015) (refusing to consider "facts and arguments [that] were not raised before" the magistrate judge).

Here, Relator's objection presents a new theory of liability that was not before the magistrate judge and, therefore, is not properly before this Court. In both the SAC and in his opposition papers, Relator advanced only two theories of liability. (*See* R & R at 6.) First, Relator argued that "Defendants' charging the Government for the costs of standby labor, pursuant to their CBAs, violate[d] the FAR." (R & R at 6 citing SAC ¶¶ 20-32.) Next, Relator alleged that "billing for the costs of standby workers violate[d] a basic fraud principle that Defendants cannot charge the Government for work that is not actually performed." (R & R at 6; Pl.'s Resp. at 8; SAC ¶ 24.) The magistrate judge was unable to address Relator's "core allegation" that Defendants "secretly passed" standby hour costs to the government because Relator first made the argument in his objections to the R & R. As Relator's argument is new, the Court declines to consider it. *See Fisher v. O'Brien*, 2010 WL 1286365, at *1 (E.D.N.Y. Mar. 30, 2010) (refusing to consider new argument raised for the first time in R & R objections).

Relator further contends that the magistrate judge's finding that standby hours were "allocable" and "reasonable" under the FAR, was made improperly because he did so "prior to discovery and the development of a factual record." (Obj. at 5-6.) Through his objection, Relator seeks to relitigate an issue that was before the magistrate judge and, as such, this Court reviews this finding for clear error. *See E. Sav. Bank, v. Robinson*, 2016 WL 3102021, at *3 (E.D.N.Y. June 2, 2016). In his opposition to Defendants' motions to dismiss, Relator argued to the magistrate judge that, whether standby hours "satisfied regulatory reimbursement requirements [could not] be resolved on a motion to dismiss" because discovery was necessary to determine if "billing standby hours to federally-funded construction projects was 'allocable' and

5

reasonable[.]'" (Pl.'s Resp. at 16.)  The magistrate judge considered the argument and found "that billing the Government for standby costs is both reasonable and allocable" and recommended "finding that Relator has failed to adequately plead a violation of the FAR." (R & R at 7.)  Upon a review of this portion of the R & R for clear error, the Court finds none because Relator's SAC does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, (2009); *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery.").

With respect to the magistrate judge's refusal to take judicial notice of the DPA, Relator asserts that the magistrate judge erred because the DPA describes "precisely the fraudulent scheme detailed by the Relator in his filed complaint." (Obj. at 3.)  Relator's objection simply reiterates the identical argument made to, and rejected by, the magistrate judge.  Before the magistrate judge, Relator argued that the DPA explained "exactly the same mechanism involved in the fraud alleged in the Complaint."  (Notice Mem. at 9.)  The magistrate judge rejected Relator's argument and declined to take judicial notice of the DPA because the DPA "pertain[ed] to separate and contradictory conduct from what Relator use[d] as the basis of his claims." (R & R at 5.)  "[W]hen a party raises arguments that were already addressed by the Magistrate Judge, the District Court need only review the Magistrate Judge's decision for clear error." *Chao v. Int'l Bhd. of Indus. Workers Health & Welfare Fund*, 97 F. Supp.3d 268, 275 (E.D.N.Y. 2015); *Ortiz v. Barkley*, 558 F. Supp.2d 444, 451 (S.D.N.Y. 2008).  The Court finds no clear error here.  The magistrate judge correctly concluded that the factual content in the DPA had nothing to do with Relator's allegations.  (R & R at 5.)

Relator further objects to the R & R asserting that the magistrate judge ignored the fact that Relator's "allegations were made upon personal knowledge," in determining that fraud was pled insufficiently. (Obj. at 4-5.) Relator's objection is overruled because it misconstrues the applicable law and the R & R. As the magistrate judge correctly explained, Relator must assert FCA and NY FCA claims under Rule 9(b)'s heightened fraud standard. (R & R at 8, collecting cases.) "To satisfy this Rule, a complaint alleging fraud must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016) (internal citation and quotation marks omitted). The magistrate judge found that Relator did not satisfy these elements because Relator "failed to identify any specific fraudulent claims made by the Defendants, any contract provision that was violated, or any contract in which allegedly fraudulent misrepresentations caused the Government to wrongfully reimburse the Defendants." (R & R at 9.) Relator's general and conclusory assertion that "[h]is personal knowledge and the articulation of the specific fraudulent scheme" is "more than sufficient to survive a motion to dismiss" does not explain how the magistrate judge reached his determination in error and the Court finds that the magistrate judge did not err. (Obj. at 5.)

Moreover, contrary to Relator's assertion, the magistrate judge did not fail "to properly account for the Relator's personal knowledge." (*Id.* at 4.) The magistrate judge concluded that, "Relator ha[d] consistently failed to provide any precise details about the supposedly fraudulent scheme." (R & R at 9.) In reaching this determination, the magistrate judge explained that, among other things, Relator's "direct experience as a senior-level employee" of Defendants provided "little more than vague, conclusory allegations." (*Id.*) Indeed, in finding that the SAC

7

was "rampant with conclusory allegations that have no factual support," the magistrate judge quoted Relator's allegation that, "based on his experience . . . standby workers did not report to the project site at all." (R & R at 10 n. 7 quoting SAC ¶ 31.) Relator's personal knowledge does not excuse him from providing non-conclusory allegations of fact that identify "the who, what, when, where and how of the alleged fraud." *U.S. ex rel. Polansky v. Pfizer, Inc.*, 2009 WL 1456582, at *4 (E.D.N.Y. May 22, 2009) (internal citation and quotation marks omitted). Accordingly, on a *de novo* review, the Court finds that Relator has failed to allege fraud with the particularity required under Rule 9(b).

Relator's final objection is to the magistrate judge's dismissal of the SAC with prejudice without allowing him an opportunity to amend. (Obj. at 6-7.) Although Defendants moved to dismiss the SAC with prejudice, Relator did not seek leave from the magistrate judge to file a third amended complaint in opposing to Defendants' motions to dismiss. Instead, Relator waited to do so in his objection to the R & R, claiming he should be granted leave to amend, yet again, because he can do so with greater particularity. (*Id.*) Notably, Relator did not submit a proposed third amended complaint with his objections to support this conclusory statement. Nonetheless, "[a] district court will generally not consider arguments that were not raised before the magistrate judge." *U.S. Bank Nat. Ass'n v. 2150 Joshua's Path, LLC*, 2014 WL 4542950, at *2 (E.D.N.Y. Sept. 10, 2014) (internal citation and quotation marks omitted) (collecting cases).

Relator could have requested leave to amend before the magistrate judge, but did not do so. Accordingly, this Court will not consider his request now. Refusal to consider Relator's belated request is appropriate here because the magistrate judge correctly found that, "[d]espite filing multiple complaints, Relator has consistently failed to provide any precise details about the supposedly fraudulent scheme." (R & R at 9.) In his objections, Relator asserts that he only

amended his complaint once and only in response to motions to dismiss. (Obj. at 6.) Relator has filed multiple complaints, has not described how he would cure the deficiencies in the SAC, and is not "entitled to an advisory opinion from the Court informing [him] of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp.2d 310, 318 (S.D.N.Y. 2005)(citation omitted), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007). Moreover, considering Relator's request, when it was not advanced before the magistrate judge, would turn the proceeding before the magistrate judge into an inappropriate trial run for Relator's deficient complaint. *See Everson v. N.Y. City Transit Auth.*, 2007 WL 539159, at *2 n. 1 (E.D.N.Y. Feb. 16, 2007) ("Proceedings before the magistrate judge are not a trial run[.]"). Thus, the Court will not consider Relator's request.

## CONCLUSION

Upon reviewing for clear error the remainder of the R & R to which Relator does not object properly and finding none, the R & R is adopted in its entirety. *See Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (Summary Order) ("The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety."). Accordingly, Defendants' motions to dismiss are granted and this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      March 23, 2017

/s/
DORA L. IRIZARRY
Chief Judge